IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LARRY LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-1172-T-An |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

---

ORDER AFFIRMING DECISION OF COMMISSIONER

---

Plaintiff Larry Long has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his applications for benefits under the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq.* and §§ 1381 *et seq.* Plaintiff's application for disability insurance benefits was filed on December 8, 1999, and his application for Supplement Security Income benefits was deemed to have been filed on December 2, 1999, with April 13, 1998, as the alleged date of the onset of his disability. The applications and the request for reconsideration were denied. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on March 29, 2001.

On June 22, 2001, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff has filed this action, requesting reversal of the

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/2/05

Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Drummond v. Commissioner, 126 F.3d 837, 840 (6th Cir. 1997), and whether the correct legal standards were applied. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). When the record contains substantial evidence to support the Commissioner's decision, the decision must be affirmed. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

2

Plaintiff was born in 1952 and was forty-eight years old on the date of the hearing. R. at 53, 297. He has a GED and one year of college. R. at 67. Prior to the alleged onset date of his disability, Plaintiff worked as a masseur and a janitor. R. at 300. Plaintiff stated in his applications for benefits that his disability is due to partial left hand numbness and left leg problems after triple heart bypass surgery. R. at 53, 61.

In his decision, the ALJ enumerated the following findings: (1) Plaintiff meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Act and is insured for benefits through the date of this decision; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (3) Plaintiff has an impairment or combination of impairments considered "severe" based on the requirements in the Regulations, 20 C.F.R. § 404.1520(b), but he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff's allegations regarding his limitations were not fully credible; (5) Plaintiff has the residual functional capacity to lift ten pounds occasionally, stand or walk two hours, and sit for six hours; he can perform occasional postural activities but must avoid extreme temperatures; (6) Plaintiff is unable to perform his past relevant work; (7) Plaintiff is a younger individual with a high school equivalent education and a skilled work history; (8) Plaintiff has the residual functional capacity to perform substantially all of the full range of sedentary work; (9) Based on an exertional capacity for sedentary work and Plaintiff's age, education, and work experience,

3

Medical-Vocational Rule 201.21, Appendix 2, Subpart P, Regulations No 4, directs a conclusion of "not disabled"; (10) Plaintiff's capacity for sedentary work is substantially intact and has not been compromised by any nonexertional limitations; accordingly, using the above-cited rule as a framework for decision-making, Plaintiff is not disabled; (11) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision, 20 C.F.R. §§ 404.1520(f) and 416.920(f).

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. 20 C.F.R. § 404.1512(a); Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4

> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Wyatt v. Secretary, 974 F.2d 680, 683-84 (6th Cir. 1992). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step. The ALJ found that, based on Plaintiff's age, education, and limitations, the grids directed a finding of not disabled.[1]

Plaintiff argues that the Commissioner erred in denying his application for benefits (1) by not fulling developing the record; (2) in finding that Plaintiff's testimony was not credible; and (3) by not giving proper weight to the medical evidence in the record. Plaintiff also argues that substantial evidence does not support the Commissioner's decision.[2]

As in other Social Security Appeals filed with this court, Plaintiff's counsel spends much of his argument attempting to establish a pattern of misconduct by ALJ Schule. The court addressed this argument in one of Plaintiff's counsel's prior cases as follows:

---

[1] The grids or medical vocational guidelines are matrices of the four factors identified by Congress, i.e., physical ability, age, education, and work experience, which set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. The grids provide a shortcut in certain circumstances in determining whether a claimant can perform other work. Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir.1998)

[2] Plaintiff has filed a thirty-seven page brief in violation of the twenty page limitation set forth in Local Rule 7.2(e). Plaintiff's counsel is advised that future briefs violating this Local Rule may be stricken unless permission has been granted to exceed the page limitation.

The court in Wells v. Apfel, 2000 WL 1562845 (6th Cir.), was confronted with similar allegations of bias by the ALJ who had rendered an unfavorable decision in that case. The Wells court analyzed the issue as follows:

> Although due process requires an impartial decision-maker in judicial and quasi-judicial proceedings, the court must start from the presumption that administrative adjudicators are unbiased, and that honesty and integrity exist among them. See Schwiker v. McClure, 456 U.S. 188, 195-96 (1982); Navistar Intern. Transp. Corp. v. United States E.P.A., 941 F.2d 1339, 1360 (6th Cir.1991). "But the burden of establishing a disqualifying interest rests on the party making the assertion." McClure, 456 U.S. at 196. Alleged prejudice must be evident from the record and cannot be based on speculation or inference. See id. (stating the presumption of judicial impartiality "can be rebutted by a showing of conflict of interest or some other specific reason for disqualification").

In Ginsburg v. Richardson, 436 F.2d 1146, 1151 (3rd Cir.1971), plaintiff alleged that "she was denied the right to a fair hearing by the conduct of the hearing examiner." Rejecting plaintiff's claim for failure to exhaust her administrative remedies, the Third Circuit held:

> If the appellant felt that she was being deprived of a fair hearing, the proper procedure would have been for her to request the examiner to withdraw from the case. Social Securities Regulation, 20 C.F.R. § 404.922. Thus, appellant's failure to request withdrawal of the examiner during the hearing or in her request for review before the Appeals Council constitutes a waiver of her right to object to the conduct of the examiner.

Id. at 1152-53.

Here, the ALJ expressed some frustration with Plaintiff's testimony and the length and repetitiveness of Plaintiff's Counsel's VE cross examination. Despite these emotional displays during the hearing, the record evidence, which withstands the standard of review on appeal, supported the ALJ's decision and opinion. Although the ALJ may have been abrupt, such behavior does not defeat the fact that none of Plaintiff's doctors said that he could not work.

Wells, 2000 WL 1562845 at **5-6.

> In the present case, Plaintiff has not carried his burden of showing that the ALJ was prejudiced against him. The fact that the ALJ issued an unfavorable decision against Plaintiff and has previously ruled against other claimants is not "proof" of a bias against all Social Security claimants. Furthermore, Plaintiff's counsel's attempt to show that the ALJ's decision in this case is colored by his alleged bias against other claimants is not helpful and detracts from the merits of Plaintiff's claim. C.f. Gieseking v. Secretary, 1994 WL 228239 (6th Cir.) * 8 n. 3 ("In his brief on appeal, claimant engages in a lengthy diatribe against the Secretary for her historical mistreatment of Social Security claimants with mental impairments ... Although somewhat interesting, these discussions are irrelevant to our decision.")

Dana Brooks v. Commissioner, Civ. No. 03-1047 (March 11, 2004), *aff'd*, 2005 WL 415964 (6th Cir.).

Plaintiff's counsel once again urges this court to look at the cases of other claimants who were denied benefits to support his allegation that ALJ Schule is "systematically" denying those claimants and Plaintiff due process of law.[3] Plaintiff's Brief at pp. 18-19. In support of his argument, Plaintiff's counsel has presented statistical "evidence" which purports to show that ALJ Schule decides "the majority of his cases incorrectly." Id. at pp. 20-21. While a statistical approach is interesting, it is not probative of what happened in this case. Plaintiff's counsel is strongly advised to quit re-arguing other cases and to concentrate on the case at hand. This plaintiff and plaintiffs represented by Plaintiff's counsel in other

---

[3] Plaintiff's counsel asserts that he is not contending that ALJ Schule is biased but, instead, that he refuses to ensure that the claimants before him receive due process of law and that he "routinely" ignores the applicable law. Plaintiff's Brief at p. 21. The court is not convinced that there is a difference between the two assertions.

Social Security cases would be better served by having the facts and law of their own cases presented to the court.

Turning to Plaintiff's other arguments, Plaintiff contends that the ALJ did not fully and fairly develop the record in the areas in which he found Plaintiff's credibility to be lacking. Specifically, Plaintiff contends that the ALJ erred when stating that there was no medical evidence that Plaintiff had "frequently recurring angina" and no documentation of Plaintiff's daily taking of Nitroglycerin. R. at 27. According to Plaintiff, if the ALJ had questions about these two issues, he should have made further inquiries at the hearing or conducted a supplemental hearing or developed the record further. Related to this issue is Plaintiff's argument that the ALJ erred in finding his testimony not to be credible.

Plaintiff is correct that he indicated on the appendix to Form HA 4486 that he takes Nitroglycerin 2.5 milligrams twice a day and Nitroglycerin .4 milligrams as needed, R. at 94, and that the medical records confirm that he has prescriptions for these drugs, R. at 222, 245-246, 259-260. However, he reported in March 1999 that he was not taking his Nitroglycerin. R. at 185. The medical records also show that Plaintiff reported no chest pain in June 1998, occasional chest pain in December 1999, and no chest pain in January 2001. R. at 131, 203, 245. At the hearing, in March 2001, however, Plaintiff testified that he had chest pain "maybe twice a week" and took Nitroglycerin "when it hurts." R. at 310.

While it might have been more precise for the ALJ to state that there were inconsistencies in the record concerning Plaintiff's usage of Nitroglycerin and the frequency

8

of his chest pain, the ALJ could properly find that those inconsistencies weighed against Plaintiff's credibility. See Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.")

It appears to the court that the ALJ fulfilled his duty to fully develop the record. In Nabours v. Commissioner, 2002 WL 31473794 at *2 (6th Cir.), the plaintiff argued that the ALJ failed to fully develop the record by not obtaining a certain medical report which was mentioned in a treatment note of one of her physicians. On appeal, the plaintiff contended that the ALJ had a special duty to ferret out this report because of her *pro se* status at the hearing. The court first examined the relevant law:

> The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Only under special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record. Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 856 (6th Cir.1986); Lashley v. Sec'y of Health and Human Servs., 708 F.2d 1048, 1051-52 (6th Cir.1983). This court has cautioned that the determination of whether an ALJ has failed fully to develop the record in derogation of this heightened responsibility must be determined on a case-by-case basis, and that it is clear that a claimant may waive his right to counsel. Id.

Nabours, 2002 WL 31473794 at *3. The court then looked at the facts before it.

> The instant record shows that Nabours, although presenting her case before the ALJ without counsel, was able to put on her case with no discernable problems. There is nothing of record that would indicate anyone took advantage of Nabours when she waived counsel with knowledge of the consequences. She was sufficiently articulate in her direct testimony, she mustered an impressive amount of supporting medical evidence, and she was

9

>  attuned enough to the testimony of the VE so that she was able (with the help of the ALJ) to conduct cross-examination and cause the ALJ to submit a new hypothetical question to the VE. There is, in short, nothing in this record to support a claim that the absence of counsel prevented Nabours, or the ALJ, from fully developing the claims and relevant evidence or that this case falls within the Lashley "special circumstances" arena.

Id.

Here, Plaintiff was represented at the hearing. Therefore, the ALJ did not have a "special, heightened duty" to develop the record. Plaintiff's counsel had adequate opportunity to question Plaintiff about any inconsistencies between Plaintiff's testimony and the medical record. Thus, Plaintiff's argument is without merit. See Lance v. Commissioner, 1995 WL 723160 (6th Cir. 1995) (Claimant should point to evidence she would have submitted if given the opportunity.)

A claimant's testimony, taken alone, will not establish that he is disabled; instead, there must be objective medical findings which show the existence of a medical impairment that could reasonably be expected to give rise to the subject complaints alleged. C.F.R. § 404,1529(a). Duncan v. Secretary of Health & Human Servs., 801 F.2d 847 (6th Cir. 1986), established a two-part test for determining whether a claimant suffers from disabling pain. First, the court must determine whether objective medical evidence of an underlying medical condition exists. If it does, then the court must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Id. at 853. The ALJ's opportunity to observe

10

the demeanor of the plaintiff is invaluable and should not be lightly disregarded. <u>Villarreal v. Secretary of Health & Human Servs.</u>, 818 F.2d 461, 463 (6th Cir. 1987).

The ALJ evaluated Plaintiff's subjective complaints and cited to specific evidence to support his decision that Plaintiff was not disabled as opposed to discounting Plaintiff's complaints solely because the medical evidence did not support them. See <u>Saddler v. Commissioner</u>, 1999 WL 137621 (6th Cir.) ( "[T]he ALJ determined that '[t]he claimant's descriptions of the severity of her symptoms, pain, and limitations are not credible under the criteria of Social Security Ruling 88-13 and 20 C.F.R. 416.929.' The ALJ explained the reasons for this determination, discussing the specific content of the medical evidence as well as Ms. Saddler's own testimony. His explanation is supported by the evidence, and we may not second-guess him." (some citations omitted)).

The record shows that Plaintiff's condition was amenable to treatment. As noted by the ALJ, "The medical evidence clearly documents the claimant's ongoing problems with coronary artery disease. However, it just as clearly documents his successful treatment, and his improvement since his surgery." R. at 25. For example, on July 7, 1998, Dr. John Matthews reported that Plaintiff had recovered "quite nicely" from his heart by-pass surgery and that he had had an excellent result from treatment of his peripheral vascular disease. R. at 182. Dr. Matthews also opined that Plaintiff could return to his regular job. <u>Id.</u> Additionally, Plaintiff testified that nitroglycerin helps his chest pains. R. at 305, 310-11.

11

Impairments that are controllable or amenable to treatment cannot support a finding of disability. Houston v. Secretary, 736 F.2d 365, 367 (6th Cir. 1984).

Also militating against a finding of disability is the fact that Plaintiff continues to smoke even though his alleged disability is due, in part, to heart problems. R. at 308. See Sias v. Secretary, 861 F.2d 475 (6th Cir. 1988) (per curiam) ("Although Brown suffers from chronic obstructive pulmonary disease, his heavy smoking habit indicates that the condition is not disabling.") and Arnold v. Commissioner, 328 F.3d 419 (Table) (6th Cir. 2000) ("If a claimant does not follow the prescribed treatment without a good reason, he will not be found disabled. 20 C.F.R. § 404.930(b). The evidence here indicated that plaintiff's doctors repeatedly instructed him to stop smoking, but plaintiff continued to smoke despite those warnings.") The ALJ found that Plaintiff's "continuing to smoke in light of his cardiac and vascular history is inconsistent with his testimony of debilitating illness." R. at 27.

Based on the evidence in the record, the ALJ properly discounted Plaintiff's subjective complaints. See Moon v. Sullivan, 923 F.2d 1175 (6th Cir. 1990) ("[T]he ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other.") See also Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997) (It is the province of the Commissioner, not the court, to weigh the evidence and to make credibility determinations and resolve material conflicts in the testimony.)

Finally, there is substantial evidence in the record to support the Commissioner's determination that Plaintiff was not disabled. In June 1998, Dr. Matthews, Plaintiff's vascular surgeon, opined that Plaintiff could return to full duty, and the remainder of the medical opinions support Plaintiff's return to some range of work. Dr. Moses Kelly, a cardiologist, examined Plaintiff in January 2001 and found that Plaintiff could perform sedentary work. R. at 238-246. Although Dr. Michael Bruggeman found that Plaintiff had problems walking on his heels and toes, sedentary work does not require this skill. R, at 25, 252. Moreover, Dr. Bruggeman thought that Plaintiff's condition would improve over time. R. at 250, 252. Richard Spring, Ph.D., opined that Plaintiff had "no gross impairment with respect to psychological functioning." R. at 206.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

28 April 2005
DATE

13

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 1:04-CV-01172 was distributed by fax, mail, or direct printing on May 2, 2005 to the parties listed.

---

Joe H. Byrd
BYRD DONAHOE & BYRD
P.O. Box 2764
Jackson, TN 38301--276

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT